# EXHIBIT 1

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                          RECEIVED NYSCEF: 04/12/2017

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 2 of 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X
                                                             :   Index No.
ANTHONY P. MIELE, III,                                       :
                                                             :
                              Plaintiff,                     :
                                                             :   **COMPLAINT**
      -against-                                              :
                                                             :
COMPUTERSHARE, INC., and THE BANK OF NEW                     :
YORK MELLON,                                                 :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X

Plaintiff Anthony P. Miele, III, by his attorneys, Liddle & Robinson, L.L.P., hereby alleges as follows:

### THE NATURE OF THE ACTION

1.  This is a civil action to compel replacement of lost, destroyed, wrongfully taken, or potentially wrongfully registered security certificates and the dividends attendant thereto under 6 Del. C. §§ 8-404, 8-405, and 8-407.

### THE PARTIES

2.  Plaintiff Anthony P. Miele, III ("Miele III") is a natural person who resides at 8 Peter Cooper Road, Apt 11G, New York, New York 10010. Miele III is the beneficial owner of 2,531,250 shares of common stock of Franklin Resources, Inc. and entitled to the reissuance of those shares and unpaid dividends thereon.

3.  Non-party The Bank of New York Mellon Corporation ("BNY Mellon Corp.") is a corporation organized under the laws of Delaware with its principal place of business located at 225 Liberty Street, New York, New York 10286. It was formed in 2007 after a merger between

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.                                                              2 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/12/2017

Mellon Financial Corporation and The Bank of New York ("BoNY"). One of its principal subsidiaries is Defendant The Bank of New York Mellon.

4. Defendant The Bank of New York Mellon ("BNY Mellon") is a New York state-chartered bank. It is the principal banking subsidiary of its parent company, BNY Mellon Corp. The business of BNY Mellon relevant to this proceeding was its transfer agent business, which was sold to the Defendant Computershare as described hereinafter. BoNY acted as transfer agent and corporate trustee to Franklin pursuant to a Transfer Agent Appointment (the "Appointment," attached hereto as Exhibit 1) dated August 10, 1971. BNY Mellon assumed BoNY's transfer agent business after the 2007 merger and operated under the Appointment. BNY Mellon served as the transfer agent to Franklin until the U.S. subsidiary of Computershare Limited, an Australian company, acquired the Shareowner Services business of BNY Mellon. The sale was announced in 2011 and completed in 2012. The Appointment remains in full force and effect to this day, consecutively serving as the Appointment of BoNY, BNY Mellon, and now Computershare.

5. Defendant Computershare, Inc. ("Computershare") is a corporation organized under the laws of Delaware with its principal place of business located at 250 Royall Street, Canton, Massachusetts 02021. Computershare is licensed to do business in New York, has designated the New York Secretary of State as its agent to accept service of process, and its principal officers, including its CEO, are located at 1290 Avenue of the Americas, 9th Floor, New York, New York 10104. Computershare has served as transfer agent for Franklin since acquiring BNY Mellon's Shareowner Services business in 2011-2012, pursuant to the same Appointment under which BoNY and BNY Mellon operated.

6. Pursuant to 6 Del. C. § 8-407, BoNY, BNY Mellon, and Computershare are responsible to a shareholder (such as Plaintiff) as if they were the issuer, and they are made

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

3 of 19

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 4 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                       RECEIVED NYSCEF: 04/12/2017

Defendants here as such. Official Comment 1 to § 8-407 rejects the notion that transfer agents are merely agents of the issuer, and holds the Defendants expressly liable to the owner of securities for wrongful registration of a transfer.

### FRANKLIN RESOURCES, INC.

7. Franklin is a Delaware corporation with its principal place of business located at One Franklin Parkway, San Mateo, California 94403-1906. Franklin is an issuer as defined in 6 Del. C. § 8-201, et seq. Franklin is one of the world's largest global investment management organizations. The company maintains offices in 35 countries. Its common stock is listed on the New York Stock Exchange under the ticker symbol BEN. Franklin is included in the Standard & Poor's 500 Index. Franklin's market capitalization is over $23 billion. Franklin's initial public offering took place in August 1971. Combined with the other authorized and issued shares, the common shares then outstanding were approximately 700,000 shares. After numerous stock splits, and over time the number of authorized shares grew dramatically in number. Today, Franklin has 1,000,000,000 authorized shares, approximately 600,000,000 of which are outstanding, and the remaining 400,000,000 shares are "treasury shares."

### TRANSFER AGENT OBLIGATIONS

8. Under the Appointment, the job of the Defendants has been, among other things, to maintain consolidated records of all stockholders accounts showing shares held and constituting a complete record of all stock certificates outstanding, and to forward a copy of each days' transfers to Franklin, giving complete information of stock certificates cancelled and stock certificates issued.

9. The transfer agents are also required to comply with Franklin's by-laws, a certified copy of which was filed with each of them in connection with their respective Appointments.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5(d)) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 5 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 04/12/2017

Notably, Section 5.8 of Franklin's by-laws states that "a share register...showing the names of the stockholders and their addresses; the number and classes of shares held by each; the number and date of certificates issued for the same; and the number and date of cancellation of every certificate surrendered for cancellation," shall be kept at Franklin's principal executive office or at the office of Franklin's transfer agent. Franklin has stated that it does not keep such records at its principal office, meaning it has been BoNY's, BNY Mellon's and Computershare's obligation to keep these records.

## FACTS

10.     In February 1973, Anthony P. Miele Jr. ("Miele Jr."), Miele III's father, purchased 4,000 shares of restricted Franklin stock directly from Charles B. Johnson ("Johnson"), Franklin's then-President and CEO. Stock certificate number NU-02763 for 4,000 shares of Franklin was dated March 15, 1973 and registered to "Anthony P. Miele Jr. TTEE Anthony P. Miele III." The share certificate showed restrictions on transfer.

11.     Miele Jr., the "Trustee," died in 1974 when Plaintiff was only three years old. No successor trustee was ever named. Miele III learned of the Franklin shares finally, at age 40, in 2012, at the initiation of Johnson. Johnson, learning in April 2012 that a friend's daughter-in-law was related to the late Miele Jr., inquired if Miele III had the shares since, "with dividends," they "would be worth nearly $200 million today [i.e., April/May 2012]."

12.     Shortly thereafter in the summer of 2012, with Johnson's efforts, Miele III became aware of his beneficial ownership of the stock his father had purchased and put in the name "Anthony P. Miele, Jr. TTEE Anthony P. Miele, III." At Johnson's urging, Miele III sought to obtain the shares and unpaid dividends. None of Franklin's records show that the stock was sold or transferred elsewhere. Nor, as it turns out, were such records among the transfer agent's records.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5(d)) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                                         RECEIVED NYSCEF: 04/12/2017

To this day, it is still a mystery as to whether or not these certificates were lost, stolen or destroyed, nor does a record of their transfer or re-registration exist. As such, as set forth below in greater detail, these shares, once held in the vaults of BoNY, have simply vanished from the vaults.

13. After approximately two years of investigation by Johnson, Franklin's then-Corporate Secretary, Maria Gray ("Gray"), Miele III's attorneys, and Miele III himself, Gray provided a small quantity of documents, none of which illuminated what happened to the shares. One document, however, a letter dated March 4, 1991, from BoNY, then-transfer agent to Franklin, to Franklin's then-Executive Vice President Harmon Burns ("Burns"), stated that the shareholder's account showed $186,496.88 in uncashed dividend checks for Plaintiff's account held at BoNY, and "Stock Certificates *in [BoNY's] vaults* represent[ed] 128,125 shares" (emphasis added). A small portion of Plaintiff's shares (12,500) were not in the possession of BoNY, and although BoNY thought they were with the shareholder, they were not. Plaintiff's "total position [at the time was] 140,625 [shares]."

14. Today, the 140,625 shares referenced in the letter, accounting for subsequent stock splits, equal the 2,531,250 shares of Franklin at issue herein. Dividends issued on Miele III's shares but never received currently amount to $23,803,337.50. At the April 10, 2017 share price of approximately $42, the total value of the stock is approximately $106,312,500. The combined value of the shares and dividends exceeds $130,000,000.

15. According to the scant records of Franklin, by December 1991, only 13,750 of Miele III's Franklin shares remained, and by December 1992, Miele III was no longer on the record shareholder list at all. Miele III never sold or authorized a transfer or re-registration of his Franklin shares. Despite an intensive investigation and review, the Defendants claim there are NO RECORDS of a sale or purchase of this stock, nor are there records of any of the myriad of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/12/2017

documents required to sell, transfer, or otherwise legitimately dispose of these shares. Included in such required documentation is an endorsed stock power, a signature guarantee, proof of trust, proof of ownership, physical stock certificates, a letter of authority from the issuer, a fiduciary release, and information regarding the new owner.

16. After an investigation and the commencement of litigation in California against Franklin in 2015 (*Anthony P. Miele, III v. Franklin Resources, Inc., et al.*, Case No. 3:15-cv-00199-LB), pursued based upon the information received from Johnson and Franklin, it became clear that both the issuer and the transfer agents, who are treated as issuers under 6 Del. C. § 8-407, have either failed to maintain records or cannot establish what happened to the shares, or both, even though the shares were last known to be in BoNY's vaults. There is no record of a sale or transfer of Plaintiff's shares after the March 4, 1991 letter, despite the fact that such records are generally maintained indefinitely.

17. In January 2017, through recent discovery in the California litigation, it was revealed that Franklin and BoNY utilized a "VIP" program, through which certain "VIPs" – persons with close personal and/or business relationships to senior executives of Franklin – were able to transfer shares without providing the required documentation. If these shares were transferred pursuant to the "VIP" program, then BoNY may have been indemnified by Franklin for such a wrongful release of the shares from the "vaults" of BoNY. These transfer agents, moreover, "do not know" what became of Miele III's shares last held in the vaults.

18. Alternatively, it is possible that the shares were lost, stolen, or destroyed – or simply turned over to someone unauthorized by Miele III from the vaults – because no registration seems to have been recorded at all. The existence and disappearance of the shares were brought to Plaintiff's

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5(d)) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

attention by Franklin; Franklin itself has no record of any legitimate transfer or sale of the shares referred to in the March 4, 1991 letter.

19. After several years of attempting to obtain a surety bond to cover such a large block of shares, Plaintiff procured a surety bond in December 2016 (attached hereto as Exhibit 2). The Lost Instrument Bond (Open Penalty) from Philadelphia Indemnity Insurance Company ("Philadelphia"), agrees to indemnify Franklin, BNY Mellon, and Computershare against any and all loss, claims, actions, suits, damages, charges, or expenses of any nature arising from the reissuance of Miele III's Franklin shares. This bond, perpetual in duration, unlimited in amount of coverage, and protective of the transfer agents and Franklin against all known risks, was filed in triplicate with Franklin, BNY Mellon, and Computershare several days thereafter. As of the filing of this action, neither Franklin, BNY Mellon, nor Computershare has "accepted" the bond, nor have they reissued Miele III's shares. With the bond, Miele III provided the affidavit of loss required by 6 Del. C. § 8-405(a) (attached hereto as Exhibit 3).

20. Miele III has never received the shares that he owns or the unpaid dividends thereon, and asks that this Court compel their reissuance by Defendants.

## FIRST CLAIM
### (Replacement of lost, destroyed, or wrongfully taken security certificate under 6 Del. C. §§ 8-405 and 8-407)

21. Miele III repeats and realleges all of the allegations heretofore stated above, as if specifically set forth herein.

22. Pursuant to 6 Del. C. § 8-407, BNY Mellon and Computershare, as transfer agents, have "…the same obligation to the…owner of a certificated or uncertificated security with regard to [reissuance]…as the issuer has in regard to those functions."

23. Miele III never authorized the transfer of his Franklin shares. As stated above, he did not learn of their existence until 2012 through Johnson.

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 04/12/2017

24. Both the existence of his Franklin stock and the indication that he may have a claim were brought to his attention by Johnson in 2012, and at all times since then Miele III has made diligent efforts to obtain reissuance of those shares and accompanying dividends from Franklin and Defendants herein.

25. Upon acceptance, the surety bond that Miele III procured from Philadelphia protects BNY Mellon and Computershare (as well as non-party Franklin) from all risk arising out of the reissuance of his shares.

26. The statute explicitly states that once the requirements of 6 Del. C. § 8-405 have been met, the issuer *shall* issue new certificates.

27. Even though Miele III has met the requirements of the statute, replacement stock certificates and shares have not been issued by BNY Mellon or Computershare to replace the stock which was lost, stolen, destroyed, or wrongfully taken.

### SECOND CLAIM
### (Wrongful Registration under 6 Del. C. §§ 8-404 and 8-407)

28. Miele III repeats and realleges all of the allegations heretofore stated above, as if specifically set forth herein.

29. Neither Miele III nor his legal representative completed an endorsement or instruction authorizing the transfer or re-registration of the shares held by BoNY.

30. By December 22, 1992, Miele III no longer appeared on the Franklin shareholder list.

31. If Miele III's shares were wrongfully registered, such a registration was pursuant to an ineffective endorsement or instruction, or possibly by the issuer, pursuant to 6 Del. C. § 8-404(a)(4), acting in collusion with the wrongdoer through the VIP program or otherwise.

32. As such, BNY Mellon and Computershare shall provide Miele III with the securities and dividend distributions he did not receive as a result of this wrongful registration.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

9 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 04/12/2017

WHEREFORE, where the circumstances pertaining to money damages in lieu of reissuance are not present here, Plaintiff demands judgment against Defendants as follows:

A. On the First Cause of Action, that the Court compel the reissuance of the shares of Franklin Resources, Inc. to which Miele III is entitled, which, at the time of filing, is 2,531,250 shares, and dividends attendant thereto in the amount of $23,807,337.50;

B. On the Second Cause of Action, that the Court compel the reissuance of the shares of Franklin Resources, Inc. to which Miele III is entitled, which, at the time of filing, is 2,531,250 shares, and dividends attendant thereto in the amount of $23,807,337.50;

C. Attorneys' fees and costs;

D. Pre-judgment and post-judgment interest;

E. All such other and further relief as this Court deems just and proper.

Dated:   April 12, 2017

LIDDLE & ROBINSON, L.L.P.

By: _____
Jeffrey L. Liddle
Hon. Melvin L. Schweitzer (Ret.)
Atoosa N. Esmaili
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, NY 10022
Tel: (212) 687-8500
Fax: (212) 687-1505
jliddle@liddlerobinson.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)         INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                           RECEIVED NYSCEF: 04/12/2017

# EXHIBIT 1

Exhibit 1 has previously been filed under seal in the action *Miele v. Franklin Resources, Inc.*, Case No. 3:15-cv-00199-LB in the Northern District of California. At the appropriate time, a copy of this exhibit will be provided to this Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 04/12/2017

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 12 of 19

# EXHIBIT 2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 04/12/2017



**PHILADELPHIA INSURANCE COMPANIES**

A Member of the Tokio Marine Group

Bond # PB12043800047
Premium:

## LOST INSTRUMENT BOND (OPEN PENALTY)

KNOW ALL MEN BY THESE PRESENTS: That we Anthony P. Miele III and Philadelphia Indemnity Insurance Company a Pennsylvania corporation authorized to transact surety business in the State of California, as Surety, are held and firmly bound unto Franklin Resources, Inc., The Bank of New York Mellon Corporation and Computershare Shareowner Services LLC., their respective legal representatives, successors and assigns (hereafter collectively called Obligees), IN AN AMOUNT SUFFICIENT TO INDEMNIFY THE OBLIGEES IN ACCORDANCE WITH THE CONDITIONS HEREWITH, for the payment of which, well and truly to be made, we bind ourselves, our heirs, legal representatives, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal has represented that the Principal is the owner of 2,531,250 common shares of Franklin Resources, Inc., in the name of Anthony P. Miele, III, including an original share certificate no. NU 02763 for 4000 common shares in the name of Anthony P. Miele, Jr. Trustee Anthony P. Miele, III which have been lost, mislaid, destroyed or stolen and cannot be found or produced, and has requested the Obligees to issue to the Principal, or to the order of the Principal, new or duplicate instruments, or to pay to the Principal, or to credit to the account of the Principal, the face amount of same, without surrender thereof for cancellation, and

WHEREAS, on faith of the foregoing representation, and in consideration of this bond of indemnity, the Obligees have complied, or agreed to comply, with said request:

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That, if the above bounden Principal, the heirs, legal representatives, successors, or assigns of the Principal, or any of them shall, in case the instruments so lost, mislaid, destroyed or stolen be found or come into the hands of power of any of them, or into the hands, custody or power of any other person, deliver or cause the same to be delivered unto the Obligees for cancellation, and shall also at all times indemnify and save harmless the Obligees from and against any and all loss, claims, actions, suits, damages, charges or expenses of any nature and character by reason of said lost, mislaid, destroyed or stolen instruments, or the issuance of duplicates in lieu of thereof, or the paying or crediting as aforesaid of the face amount of such lost, mislaid, destroyed or stolen instruments without the surrender thereof, then this obligation shall be void; otherwise it shall remain in full force and effect.

Dated this 1st day of December, 2016.

BY: _____
Anthony P. Miele III   Principal

Philadelphia Indemnity Insurance Company
(Surety Name)

BY: _____
David J. Smith, Attorney-in-Fact

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §205.5[d]) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                        RECEIVED NYSCEF: 04/12/2017

## ACKNOWLEDGEMENT OF ANNEXED INSTRUMENT

### Acknowledgement by Surety

**STATE OF** New Jersey

**COUNTY OF** Morris

On this 1st day of December, 2016 before me personally came David J. Smith who, being by me duly sworn, did depose and say that he/she is an Attorney-In-Fact of Philadelphia Indemnity Insurance Company and knows the corporate seal thereof; that the seal affixed to said instrument is such corporate seal, and was thereto affixed by authority of the Power of Attorney of said Company, of which a Certified Copy is hereto attached, and that he/she signed said instrument as an Attorney-In-Fact of said Company by like authority.

Lourdes Scheel
Notary Public
State of New Jersey
ID # 50021691
My Commission Expires 08/24/2020

NOTARY PUBLIC

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

14 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                     RECEIVED NYSCEF: 04/12/2017

## ACKNOWLEDGEMENT OF PRINCIPAL

State of **NEW YORK**

County of **NEW YORK**

On this **1st** day of **DECEMBER**, 20**16** before me personally came **ANTHONY P. MIELE III** to me known and known to me to be the individual described in and who executed the within bond, and who acknowledged to me that he/she executed the same.

_Rose M. Reverendo_
Notary Public

Rose M. Reverendo
Notary Public - State of New York
No. 01RE4908329
Qualified in New York County
My Commission Expires Feb. 28, 2018

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15 of 19

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 16 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                     RECEIVED NYSCEF: 04/12/2017

PB12043800047

## PHILADELPHIA INDEMNITY INSURANCE COMPANY
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004-0950

### Power of Attorney

KNOW ALL PERSONS BY THESE PRESENTS: That **PHILADELPHIA INDEMNITY INSURANCE COMPANY** (the Company), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, does hereby constitute and appoint **Daryl LaForge, David J. Smith, John P. Hyland, Susan Bulman-Ditchkus of Alta Associates, Inc. dba The Hyde Agency**, its true and lawful Attorney-in-fact with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an amount not to exceed **$ unlimited**.

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PHILADELPHIA INDEMNITY INSURANCE COMPANY on the 14th of November, 2016.

**RESOLVED:** That the Board of Directors hereby authorizes the the President or any Vice President of the Company: (1) Appoint Attorney(s) in Fact and authorize the Attorney(s) in Fact to execute on behalf of the Company bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and to attach the seal of the Company thereto; and (2) to remove, at any time, any such Attorney-in-Fact and revoke the authority given. And, be it

**FURTHER RESOLVED:** That the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or certificate relating thereto by facsimile, and any such Power of Attorney so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, PHILADELPHIA INDEMNITY INSURANCE COMPANY HAS CAUSED THIS INSTRUMENT TO BE SIGNED AND ITS CORPORATE SEAL TO BE AFFIXED BY ITS AUTHORIZED OFFICE THIS 14TH DAY OF NOVEMBER, 2016.

(Seal)

Robert D. O'Leary Jr., President & CEO
Philadelphia Indemnity Insurance Company

On this 14th day of November, 2016, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn said that he is the therein described and authorized officer of the PHILADELPHIA INDEMNITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate seal of said Company; that the said Corporate Seal and his signature were duly affixed.



(Notary Seal)

Notary Public:  Nora Howard

residing at:  Bala Cynwyd, PA

My commission expires:  January 8, 2018

I, Edward Sayago, Corporate Secretary of PHILADELPHIA INDEMNITY INSURANCE COMPANY, do hereby certify that the foregoing resolution of the Board of Directors and this Power of Attorney issued pursuant thereto on this 14th day of November, 2016 are true and correct and are still in full force and effect. I do further certify that Robert D. O'Leary Jr., who executed the Power of Attorney as President, was on the date of execution of the attached Power of Attorney the duly elected President of PHILADELPHIA INDEMNITY INSURANCE COMPANY,

In Testimony Whereof I have subscribed my name and affixed the facsimile seal of each Company this 1st day of December, 2016.

Edward Sayago, Corporate Secretary
PHILADELPHIA INDEMNITY INSURANCE COMPANY

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

16 of 19

Case 1:17-cv-03575-RA   Document 1-1   Filed 05/12/17   Page 17 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 04/12/2017

## PHILADELPHIA INDEMNITY INSURANCE COMPANY

### Statutory Statements of Admitted Assets, Liabilities and Capital and Surplus
(in thousands, except par value and share amounts)

| Admitted Assets | As of December 31, 2015 | As of December 31, 2014 |
|---|---:|---:|
| Bonds (fair value $6,007,876 and $6,153,215) | $ 5,821,420 | $ 5,869,602 |
| Preferred stocks (fair value $64,498 and $59,525) | 62,617 | 59,413 |
| Common stocks (cost $104,587 and $110,951) | 88,259 | 97,616 |
| Mortgage loans | 154,042 | 21,402 |
| Other invested assets (cost $194,804 and $156,141) | 196,159 | 154,549 |
| Derivatives | 185 | - |
| Cash, cash equivalents and short-term investments | 32,936 | 45,054 |
| Cash and invested assets | 6,355,618 | 6,247,636 |
| Premiums receivable, agents' balances and other receivables | 734,983 | 673,590 |
| Reinsurance receivable on paid losses | 25,869 | 27,162 |
| Accrued investment income | 67,892 | 65,074 |
| Receivable from affiliates | 393 | 4,104 |
| Net deferred tax asset | 174,553 | 164,545 |
| Other assets | 2,200 | 106 |
| Total admitted assets | $ 7,361,508 | $ 7,182,217 |

**Liabilities and Capital and Surplus**

| Liabilities: | | |
|---|---:|---:|
| Net unpaid losses and loss adjustment expenses | $ 3,514,230 | $ 3,169,910 |
| Net unearned premiums | 1,342,996 | 1,260,065 |
| Reinsurance payable on paid loss and loss adjustment expenses | 11,618 | 3,747 |
| Ceded reinsurance premiums payable | 63,634 | 63,104 |
| Commissions payable, contingent commissions and other similar charges | 240,901 | 226,034 |
| Federal income taxes payable | 11,612 | 13,990 |
| Accrued expenses and other liabilities | 36,426 | 50,281 |
| Payable to affiliates | 11,824 | 9,877 |
| Provision for reinsurance | 554 | 1,000 |
| Payable for purchased securities | 80,193 | 46,833 |
| Total liabilities | 5,313,988 | 4,844,841 |
| Capital: | | |
| Common stock, par value of $10 per share; 1,000,000 shares authorized, 450,000 shares issued and outstanding | 4,500 | 3,600 |
| Surplus: | | |
| Gross paid-in and contributed surplus | 386,071 | 386,970 |
| Unassigned surplus | 1,656,949 | 1,946,806 |
| Total surplus | 2,043,020 | 2,333,776 |
| Total capital and surplus | 2,047,520 | 2,337,376 |
| Total liabilities and capital and surplus | $ 7,361,508 | $ 7,182,217 |

The undersigned, being duly sworn, says: That she is the Executive Vice President and Chief Financial Officer of Philadelphia Indemnity Insurance Company; that said Company is a corporation duly organized in the state of Pennsylvania, and licensed and engaged in the State of Pennsylvania and has duly complied with all the requirements of the laws of the said State applicable of the said Company and is duly qualified to act as Surety under such laws; that said Company has also complied with and is duly qualified to act as Surety under the Act of Congress. And that to the best of her knowledge and belief the above statement is a full, true and correct statement of

Attest:

Karen Gilmer-Pauciello, EVP & CFO

Sworn to before me this 6th day of June 2016.

Kimberly Kessleski,

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kimberly A. Kessleski, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires Dec. 18, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §205.5(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 04/12/2017

# EXHIBIT 3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

18 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 04/12/2017

# AFFIDAVIT OF LOSS

STATE OF NEW YORK

COUNTY OF NEW YORK

Know all Men by These Presents, That Anthony P. Miele III of 8 Peter Cooper Road, Apt 11G, New York, NY 10010, deponent, being duly sworn deposes and says:

That said deponent is the lawful owner of certain securities more particularly described as follows:

2,531,250 common shares of Franklin Resources, Inc., in the name of Anthony P. Miele, III, Including an original share certificate no. NU 02763 for 4000 common shares in the name of Anthony P. Miele, Jr. Trustee Anthony P. Miele, III.

That neither the said securities nor the rights of the deponent in the said securities have in whole or in part, been sold, assigned, endorsed, transferred, hypothecated, pledged or otherwise disposed of, or any interest therein, in any manner whatsoever;

That the deponent is entitled to the full exclusive possession of the said securities;

That said deponent hereby requests Franklin Resources, Inc., to issue new or duplicate securities in lieu of the securities so lost or destroyed.

Deponent agrees that, if said Original should ever come into Deponent's hands, custody or power, Deponent will, immediately and without consideration, surrender Original to Franklin Resources, Inc.

Subscribed and sworn to before me this

6th day of DECEMBER 2016

_____
Notary Public
Rose M. Reverendo
Notary Public - State of New York
No. 01RE4908329
Qualified in New York County
My Commission Expires Feb. 28, 2018

_____
(Signature of Deponent)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §205.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19 of 19